Plaintiff is the successor to a company which agreed with the Housing Authority of the Chickasaw Nation of Oklahoma to build and sell to that Authority housing for elderly Indians at Ardmore, Oklahoma. The Housing Authority also had a Consolidated Annual Contributions Contract (ACC contract) with the Department of Housing and Urban Development (HUD) under the Housing Act of 1977, 42 U.S.C. § 1401 et seq. (1970) and the Department of Housing and Urban Development Act, 5 U.S.C. § 624 (now codified as *887 42 U.S.C. §3531 (1976). This ACC contract provided, in general, that HUD would give financial assistance for the purchase and operation of this low-rent housing project by the Housing Authority. The petition in this court alleges that plaintiff, in performing its own contract with the local Housing Authority to hold and sell the housing project, (a) encountered delays, design defects, and defects which increased plaintiffs building cost, and thereafter (b) entered into an Amendatory Agreement with the Housing Authority to increase the price to be paid to plaintiff; however, HUD rejected this Amendatory Agreement and refused to release any additional funds for payment of the increased price. Plaintiff has apparently not received the increase in price.
The petition states a claim against the United States for the amount of the increase; this claim was transferred here by the United States District Court for the Western District of Oklahoma.
Plaintiff moves for partial summary judgment on the threshold issue of whether this court can entertain this suit. The contentions are that (i) Congress has expressly waived sovereign immunity for a suit of this type in this court, (ii) plaintiff is in privity of contract with the United States or is a third-party beneficiary of the Government’s contract with the Housing Authority, and (iii) plaintiff had an implied contract with the United States.
Recognizing that at least two of our prior decisions (Housing Corporation of America v. United States, 199 Ct. Cl. 705, 468 F.2d 922 (1972) and Correlated Development Corp. v. United States, 214 Ct. Cl. 106, 566 F.2d 515 (1977)) stand squarely in its way, plaintiff asks that its motion be considered by the court en banc, so that those holdings can be reconsidered. All the active judges having voted against a hearing en banc, the court has denied the request, and this panel will therefore act on the motion. The panel is, of course, bound by the earier decisions.
We have several times considered claims against the United States by construction contractors (like plaintiff) for housing projects financed or insured by HUD. In addition to Housing Corporation and Correlated Development Corporation, supra, see Aetna Casualty & Surety Co. v. United *888 States, ante at 146, 655 F.2d 1047 (1981), and the several cases cited in n.2 of that opinion. These decisions are largely dispositive against plaintiff which candidly acknowledges that at least Housing Corporation and Correlated Development Corporation specifically ruled that (a) Congress had not waived sovereign immunity for a suit by a builder-contractor in this court arising from HUD’s activities under the United States Housing Act (and the National Housing Act, 12 U.S.C. § 1701 et seq. (1970)), (b) the United States is not in privity of contract with a builder whose contract is not with the Federal Government but with a Housing Authority or other local entity, and (c) the builder-contractor is not a third-party beneficiary of HUD’s financial contract with the local Housing Authority. Aetna Casualty & Surety Company, supra, is to the same effect. This panel will not reconsider these issues wholly de novo but will simply discuss those of plaintiffs points not touched on in the earlier rulings. These points do not, however, move us to grant plaintiffs motion.
On the question of whether Congress has waived immunity in the housing legislation, plaintiff stresses the express legislative consent to sue HUD which exists in the National Housing Act, now 12 U.S.C. §1702 (1976), and the U.S. Housing Act, now 42 U.S.C. 1404a (1976). These consents-to-sue are said to be general waivers of sovereign immunity, subjecting the United States to full suit under the Tucker Act in cases like this. But Aetna Casualty & Surety Co, supra, held quite the contrary — that those provisions allowing suit against HUD (with its separate funds) are not equivalent to Congressional consent to reach the general fund of the Treasury via an action under the Tucker Act. Those consents-to-sue reach only the funds in the hands of HUD. In addition, Aetna ruled (as did United Electric Corp. v. United States, 227 Ct. Cl. 236, 647 F.2d 1082, cert. denied, 454 U.S. 836 (1981)) that such separate consents-to-sue allow the tribunal (generally a District Court) to apply principles of non-consensual equitable restitution, of tort law, and of contracts implied-in-law which are not available to us under the Tucker Act.
The new point on the issue of privity is that (apparently unlike the agreements in our earlier cases) plaintiffs *889 contract with the local Housing Authority expressly "incorporated” "by reference” "and made a part hereof’ the Federal Government’s ACC contract with the local Housing Authority. However, this ambiguous and summary "reference,” "incorporation,” and inclusion of the Government’s own contract did not make the United States a party to the contract between plaintiff and the local Authority. Its purpose seems, rather, to have been to alert plaintiff to the full contents of the federal agreement — not to make the Government a full partner in the non-federal contract or render it liable to the builder. It would take more than this cryptic inclusion-by-reference to make the Federal Government a full-scale contractor with plaintiff, in the same position as if it had definitely and expressly contracted itself with plaintiff.
Lastly, plaintiff argues that it should have the chance to prove that it had a contract implied-in-fact with the United States. Defendant has not moved for summary judgment, or to dismiss,[1] and we cannot say, at this stage, that it will be impossible for plaintiff to prove such a contract implied-in-fact. We do say, though, that it will not be a sufficient showing of such an actual agreement that HUD officials and employees closely supervised plaintiffs work. That was also true, in large part, in Housing Corporation and Correlated Development Corporation, but yet we found no contract. An actual implied agreement by authorized personnel, or an authorized placing of the Government in the shoes of the local Housing Authority, must be shown. United States v. Orleans, 425, U.S. 807, (1976), a tort claims case which plaintiff strangely invokes, was certainly not intended to change these established principles of government contracts.
For these reasons and on the basis of our previous decisions, it is ORDERED, without oral argument, that plaintiffs motion for partial summary judgment is denied and the case is remanded to the Trial Division for further proceedings consistent with this order.
*890 Upon filing of plaintiffs motion to dismiss, which was endorsed "No Objection” by defendant, on February 1,1982 the petition was dismissed pursuant to Rule 102(a)(l)(iii).

 Defendant has not even responded to plaintiffs motion; its request for a further extension of time to do so was denied.